UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTWION CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00614-JPH-DLP |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Defendant's Motion for Partial Summary Judgment**

Antwion Carter is an inmate at Wabash Valley Correctional Facility. In 2019, he

disciplined by Wabash Valley officials for conspiring to traffic contraband in the Facility. The

disciplinary charge and conviction were eventually vacated. *See Carter v. Brown*, No. 2:19-cv-

236-JPH-MJD, 2020 WL 2039751 (S.D. Ind. 2019). Mr. Carter then brought this suit against

Warden Richard Brown contending that his Fourteenth and Eighth Amendment rights were

violated. Warden Brown now seeks summary judgment on Mr. Carter's Eighth Amendment

claim, arguing Mr. Carter failed to exhaust his administrative remedies prior to filing this lawsuit.

For the reasons that follow, Warden's Brown motion is **granted**.

**I.**
**Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a

case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no

genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a

matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021).

A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

## II.
## Factual Background

Because Defendant has moved for summary judgment under Rule 56(a), the Court views the evidence in the light most favorable to Plaintiff. *Stark v. Johnson & Johnson*, 10 F.4th 823, 825 (7th Cir. 2021).

In December 2018, a correctional officer charged Mr. Carter with conspiracy to aid in trafficking, a violation of the Indiana Department of Corrections Disciplinary Code 111 and 113.

Dkt. 36-1, Ex. A., Report of Conduct. Mr. Carter was found guilty and received a written reprimand, a forty-five-day loss of phone privileges, a six-month placement in disciplinary restrictive housing, a 180-day loss of credit time, and a credit-class demotion. Dkt. 36-1, Ex. C, Report of Disciplinary Hearing. Mr. Carter appealed his disciplinary conviction, but Warden Brown denied his appeal. Dkt. 36-1, Ex. D, Disciplinary Hearing Appeal. Mr. Carter filed a second appeal to the Department of Correction reviewing authority, but, again, his appeal was denied. Dkt. 36-1, Ex. E, Offender Appeal. Mr. Carter then filed a petition for habeas corpus in the Southern District of Indiana. *See Carter v. Brown*, No. 2:19-cv-236-JPH-MJD, 2020 WL 2039751 (S.D. Ind. 2019). His petition was granted, and his disciplinary sanctions were vacated. *Id.*at *3.

During this time, Wabash Valley maintained an offender grievance process that tracks the Indiana Department of Correction's standardized grievance process for all state facilities. *See* Dkt. 22-1, Declaration of Thomas Wellington ¶¶ 3–4, 8; *see also* Dkt. 22-2, IDOC Offender Grievance Policy 00-02-301. The first step in the process is to file a formal grievance using an Offender Grievance Form. Dkt. 22-1, ¶ 10. The second step is to file a written appeal to the Warden or their designee. *Id*. And the final step is to file a written appeal with the department grievance manager. *Id.* An inmate must complete all three steps to fully exhaust their administrative remedies at Wabash Valley. *Id.* ¶ 11. Inmates learn about the grievance process during orientation and can access a copy of the policy in the facility law library. *Id.* ¶¶ 24, 25.

The grievance process covers many different prisoner issues. *Id.* ¶ 22. Most relevant here, it covers "concerns relating to the conditions of care." *Id.* Certain issues, however, fall outside the scope of the grievance process. *See* Dkt. 22-2 at 4. These include "[d]isciplinary actions or decisions," as there is a separate appeal process for those issues. *Id.*

During the entirety of Mr. Carter's disciplinary charge, conviction, and appeals, Mr. Carter filed four grievances pursuant to Wabash Valley's grievance process. *Id.* ¶ 29; *see also* Dkt. 22-3, Offender Grievance History. These grievances related to Mr. Carter's receipt of the mail, environmental conditions, and electronic tablet; they did not concern the issues detailed in his complaint. Dkt. 22-1, ¶ 30. Mr. Carter never filed an appeal related to any one of those grievances. *Id.*

Mr. Carter filed this suit against Warden Brown on November 23, 2020. Dkt. 1. Warden Brown now moves for summary judgment on Mr. Carter's Eighth Amendment claim arguing that Mr. Carter never filed a grievance related to the conditions of his confinement, and therefore failed to exhaust administrative remedies. Dkt. 22; dkt. 41.

### III.
### Discussion

The Prison Litigation Reform Act requires inmates to exhaust their available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 831 (7th Cir. 2020). This requirement is mandatory: a court cannot excuse an inmate's failure to exhaust. *Ross v. Blake*, 578 U.S. 1174, 1856 (2016). To satisfy the Act's exhaustion requirement, an inmate must strictly comply with the prison's administrative rules for filing grievances. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). The administrative remedies, however, must be "available" to the inmate. *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016) (internal quotations and citations omitted); *see also Reid*, 962 F.3d at 329 ("The exhaustion requirement, however, hinges on the availability of administrative remedies.") (internal quotations omitted) (citing *Ross*, 578 U.S. at 1858). An inmate is not required to exhaust administrative remedies that are unavailable. *Hernandez*, 814 F.3d at 842. Failure to exhaust is an affirmative

4

defense, so Warden Brown bears the burden of proof. *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018).

Here, Mr. Carter failed to exhaust his administrative remedies with respect to his Eighth Amendment conditions of confinement claim. Wabash Valley has a grievance process and Mr. Carter has demonstrated that he knows how to use the process. Dkt. 22-1, ¶¶ 3–4; dkt. 22-3. But the undisputed evidence shows Mr. Carter did not submit any grievances related to conditions of his confinement while in segregation. Dkt. 22-1, ¶ 30.

Mr. Carter does not dispute that he failed to complete the grievance process. He argues that he was not required to complete the grievance process because it does not apply to disciplinary actions or decisions. *See* Dkt. 35, Response at 5–6; dkt. 37, Brief in Support at 7–8. But Mr. Carter's Eighth Amendment claim relates to the conditions of confinement that he experienced while in segregation, not the decision to put him in segregation. And "concerns relating to the conditions of care or supervision within the Department [of Correction]" may be grieved. Dkt. 22-2 at 3 (grievance policy). Mr. Carter's conditions of confinement claim is separate and distinct from his due process claim. *See, e.g.*, *Williams v. Brown*, 849 F. App'x 154, 158 (7th Cir. 2021).  Therefore, he was required to use Wabash Valley's offender grievance process before bringing a federal lawsuit based on conditions of confinement. Mr. Carter therefore failed to exhaust his available administrative remedies for his Eighth Amendment claim before filing suit, and Warden Brown is entitled to summary judgment on that claim. *Crouch v. Brown*, 27 F.4th 1315, 1321 (7th Cir. 2022) ("[A] prisoner must exhaust his or her administrative remedies before filing a federal claim about prison conditions.").

**IV.**
**Conclusion**

Warden Brown's motion for partial summary judgment, dkt. [22], is **granted**. Mr. Carter's

Eighth Amendment claim is **dismissed without prejudice**. *Ford v. Johnson,* 362 F.3d 395, 401

(7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without

prejudice."). Mr. Carter's due process claims **shall proceed**.

**SO ORDERED**.

Date: 9/19/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTWION CARTER
128406
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov