UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTWION CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:20-cv-00614-JPH-MKK ) |
| RICHARD BROWN, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING MOTION FOR ASSISTANCE RECRUITING COUNSEL**

Antwion Carter, a prisoner at Wabash Valley Correctional Facility, has filed a motion for assistance recruiting counsel. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*,

900 F.3d at 938 (internal quotations omitted); *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007) (en banc); *Eagan v. Dempsey,* 987 F.3d 667, 682 (7th Cir. 2021). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton,* 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker,* 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d at 653; *see also Thomas v. Anderson,* 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt,* 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene,* 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

Mr. Carter has contacted multiple attorneys to request representation without success. (Docket Entry 58 at 2). The Court finds that he has made a reasonable attempt to recruit counsel on his own before seeking the Court's assistance.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as

a layperson to coherently present it to the judge or jury himself.'" *Olson,* 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655).

Mr. Carter has no trouble reading or writing in English, but his formal education ended in 10th grade. (Docket Entry 58 at 2). He takes antidepressant medication / psychiatric medication and has a fractured right hand. (*Id.* at 3). A fellow inmate helped him prepare this lawsuit. (*Id.*).

In this lawsuit, Mr. Carter is suing Warden Richard Brown for failing to provide him with due process at a prison disciplinary proceeding, which resulted in 16 months of punitive segregation and other sanctions. That disciplinary conviction was vacated by an Order granting Mr. Carter a writ of habeas corpus in *Carter v. Brown,* 2:19-cv-236-JPH-MJD based on prison officials' failure to let him submit exculpatory witness testimony at his disciplinary hearing.

The Court finds that this case may involve complex issues of law in an evolving area of due process with respect to prison disciplinary processes and the placement of prisoners in long-term segregation. Given Mr. Carter's limited education and physical and mental health concerns, his motion for assistance recruiting counsel, Docket Entry [58], is **GRANTED**. His motion to correct an inaccurate statement in his motion for counsel (he inadvertently stated that he sought legal representation from opposing counsel), Docket Entry [61], is **GRANTED**.

The Court will attempt to recruit counsel on Mr. Carter's behalf. The defendant has moved to take Mr. Carter's deposition. Dkt. 70. Given that Mr. Carter will soon be represented by an attorney, the motion to take his deposition,

Docket Entry [70], is **DENIED WITHOUT PREJUDICE**. The defendant may renew this motion after recruited counsel appears for Mr. Carter.

**SO ORDERED**.

Date: 7/13/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTWION CARTER
128406
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Jordan Douglas Hall
Lewis and Wilkins LLP
hall@lewisandwilkins.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com